IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

INCA MILLER and
WILLIAM MILLER,

    Plaintiffs,

v.                                          Case No. 2:23-cv-00330

WEST VIRGINIA DEPARTMENT
OF HEALTH AND HUMAN
RESOURCES,

    Defendant.

**PROPOSED FINDINGS & RECOMMENDATION**

    This matter is assigned to the Honorable Joseph R. Goodwin, U.S. District Judge, and is referred to the undersigned U.S. Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) for pre-trial management as well as the submission of proposed findings and a recommendation for disposition. [ECF No. 4]. For the reasons set forth herein, the undersigned respectfully **RECOMMENDS** that this civil action be **DISMISSED** with prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**I.    BACKGROUND**

    Plaintiffs Inca Miller ("Ms. Miller") and William Miller ("Mr. Miller") (together, "Plaintiffs"), who are proceeding without counsel, filed their Complaint in this matter on

April 13, 2023, naming the West Virginia Department of Health and Human Resources ("Defendant" or "WVDHHR") as a Defendant. [ECF No. 2]. As set forth in detail in the undersigned's February 16, 2024 Order and Notice [see ECF No. 8], incorporated herein, the Complaint is largely inscrutable. While it is difficult to discern, Plaintiffs appear to allege in vague terms that, during an unspecified time period(s), an unspecified actor(s) engaged in a broad spectrum of largely-unspecified misconduct on behalf of the WVDHHR against Ms. Miller, resulting in violation of her religious beliefs. *See generally id.* For reasons not specified in the Complaint, and in a manner not specified in the Complaint, the alleged misconduct constituted medical malpractice and violation of Ms. Miller's bodily autonomy, as well as disability-based, sex-based, and religious-based discrimination. *See id.* Finally, for reasons not specified in the Complaint, Plaintiffs believe that the alleged misconduct was carried out through unspecified means without Ms. Miller's consent in order to harm her life, body, and marriage, and—again, for unspecified reasons—the alleged misconduct was motivated by an animus against Ms. Miller based upon her claimed status as a disabled "Christian Woman Mother Wife." *Id.* Plaintiffs allege that Ms. Miller sustained unspecified bodily injuries as a result of Defendant's purported misconduct. Plaintiffs seek relief in the form of, inter alia, $500,000 in punitive damages. *Id.* at 2-11.

The undersigned's February 16, 2024 Order and Notice denied Ms. Miller's Application to Proceed Without Prepayment of Fees and Costs [ECF No. 1] as moot because she paid the applicable filing fee. [ECF No. 8 at 9, 16-17]. Additionally, Ms. Miller's Motion Requesting Counsel [ECF No. 3] and Motion Requesting Emergency Hearing [ECF No. 5] were both denied without prejudice based upon the Complaint's clear failure to state a plausible claim for relief. [*See* ECF No. 8]. Finally, the undersigned's

Order and Notice required Plaintiffs to file "a particularized Amended Complaint no later than 5:00 p.m. on March 18, 2024." *Id.* at 16. Plaintiffs were expressly notified—in bold, underlined font—that their "**failure to comply with this Order and Notice WILL result in a recommendation to the presiding District Judge that this matter be dismissed for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure**." *Id.* at 17. Despite the undersigned's express directive to file an amended complaint and warning of the consequences for failure to do so, Plaintiffs failed to amend the complaint. To date—more than three weeks after Plaintiffs' March 18, 2024 deadline to comply—they have not requested an extension of time, have not requested relief from the Court's Order and Notice, and indeed have not made any filing on the record or otherwise sought to contact the Court in any manner since November 27, 2023.

## II.  LEGAL STANDARD

The Federal Rules of Civil Procedure expressly authorize a defendant to seek dismissal of an action "or any claim against it" when "the plaintiff fails to prosecute or to comply with the[ ] rules or a court order[.]" Fed. R. Civ. P. 41(b). Although Rule 41(b) does not expressly provide for *sua sponte* dismissal, "a district court has the inherent power to dismiss a case for lack of prosecution or violation of a court order . . . whether or not a defendant makes a motion requesting that such action be taken." *Ramsey v. Rubenstein*, 2:14-CV-03434, 2016 WL 5109162, at *2 (S.D. W. Va. Sept. 19, 2016) (citations omitted). "[B]uild[ing] upon a federal court's well-established inherent authority, of ancient origin, to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts," the dismissal authority conferred by Rule 41(b) "recognizes the foundational principle that courts must have the authority to control

litigation before them," and to protect the orderly administration of the docket. *Id.* Finally, "[u]nless otherwise noted in the dismissal order, a Rule 41(b) dismissal is with prejudice." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-631 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his [or her] failure to prosecute cannot seriously be doubted.").

In considering whether to dismiss an action *sua sponte* for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, the Court must look to the following four factors: (1) plaintiffs' degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. *Ramsey*, 2016 WL 5109162, at *2 (citing *Hillig v. Comm'r of Internal Revenue*, 916 F.2d 171, 174 (4th Cir. 1990)) [hereinafter the "Hillig factors"]. The Hillig factors "are not meant to be applied as a rigid, formulaic test, but rather serve to assist the Court, along with the particular circumstances of each case, in determining whether or not dismissal is appropriate." *Ramsey*, 2016 WL 5109162, at *2 (citing *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1991)). Although dismissal with prejudice is "a harsh sanction which should not be invoked lightly," the ultimate dismissal decision is left to the discretion of the trial court. *See Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978); *Timmons v. United States*, 194 F.2d 357, 359 (4th Cir. 1952).

Importantly, the Fourth Circuit explained that "the district court should dismiss the case" when a plaintiff "has ignored an *express warning* that noncompliance with a court order will result in dismissal." *Douglas v. Heater*, 2:20-CV-00856, 2021 WL 784806, at *2 (S.D.W. Va. Mar. 1, 2021) (citing *Bey ex rel. Graves v. Virginia*, 546 F. App'x 228, 229 (4th Cir. 2013) (per curiam) [hereinafter *Graves*]).

### III.     DISCUSSION

Based upon the particular circumstances of this case, the undersigned **FINDS** that the four *Hillig* factors, on balance, strongly support dismissal with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *Hillig*, 916 F.2d at 174.

Turning to the first factor—the degree of personal responsibility—the Plaintiffs' conduct in the instant action weighs in favor of dismissal. The stall in forward progress is attributable solely to the Plaintiffs, because the Defendant has not been served with process and thus has not made an appearance in this matter. Moreover, by requiring Plaintiffs to amend their pleading, the undersigned's February 16, 2024 Order and Notice *expressly* placed responsibility for moving the case forward in the Plaintiffs' hands. Their failure to comply—along with their failure to seek relief from the Court's directive, or to otherwise communicate any intent to further prosecute this matter—renders Plaintiffs personally responsible for this stall in progress. *See Favors v. Hickey*, 1:05-0697, 2006 WL 1644180, at *2 (S.D.W. Va. June 12, 2006) (weighing the first *Hillig* factor in favor of dismissal upon finding plaintiff's inaction to be the sole cause of four-month delay in proceedings).

The second *Hillig* factor—the amount of prejudice caused to the defendant—is not present in this case because, as stated above, Defendant has not been required to make an appearance at this stage of the proceedings prior to being served with process under Rule 4 of the Federal Rules of Civil Procedure. This factor thus weighs against dismissal.

The third factor—a drawn-out history of deliberately proceeding in a dilatory fashion—does favor dismissal, for the same reasons set forth *supra* with respect to the first *Hillig* factor. Plaintiffs ignored the undersigned's March 18, 2024 deadline to amend, failed to request an extension of time to do so, and failed to otherwise seek relief from the

requirements of the Order and Notice or to contact the Court in any manner. Indeed, Plaintiffs have taken no steps whatsoever to advance their case since November 27, 2023—more than four months ago.

The fourth and final factor—the effectiveness of sanctions less drastic than dismissal—also weighs in favor of dismissal, because Plaintiffs have already chosen to ignore the express warning in the undersigned's February 16, 2024 Order and Notice that their failure to amend the operative complaint on or before March 18, 2024 as ordered "**WILL result in a recommendation to the presiding District Judge that this matter be dismissed for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure**." [ECF No. 8 at 17]. Consequently, just as the Fourth Circuit found in *Graves*, cited *supra*, this civil action should likewise be dismissed because Plaintiffs have "ignored an express warning that noncompliance with a court order will result in dismissal." *Graves*, 546 F. App'x at 229. *See also Douglas*, 2021 WL 784806, at *2 ("Where a litigant has ignored an express warning that noncompliance with a court order will result in dismissal, the district court should dismiss the case."). Furthermore, the fourth *Hillig* factor particularly weighs in favor of dismissal because the Plaintiffs have not attempted to rectify or otherwise explain their noncompliance in the weeks following the March 18, 2024 deadline.

Moreover, the Plaintiffs' pro-se status in this matter does not exempt them from their obligation to comply with the directives of the Court, or with the resultant consequences for failure to meet that obligation. *See Short v. Colvin*, 5:10-cv-01078, 2013 WL 6388724, at *2 (S.D. W. Va. Dec. 6, 2013) (explaining propriety of dismissal despite plaintiff's pro-se status). In addition to the express notice afforded to Plaintiffs in this matter that their failure to amend by March 18, 2024 would result in the recommendation

of dismissal, the Court's operative Pro Se Handbook—which is publicly available on the Court's website—also explains to pro-se litigants that "[i]f you decide to proceed pro se, you will be responsible for learning about and following all the procedures that govern the court process . . . [and] for becoming familiar with and following the Court's local rules and procedures." *Id.* at §§ 2.3, 4. The Handbook also expressly notifies pro se parties that "[t]he Court may penalize a party or attorney for failing to comply with a law, rule or order at any point while a lawsuit is pending . . . and pro se litigants are subject to the same sanctions as licensed attorneys." *Id.* Particularly when there is nothing in the record as it currently stands which would lead the Court to conclude that Plaintiffs are "any more or less legally sophisticated than any other non-lawyer," their pro-se status does not afford them a "free pass" to ignore Court orders. *Givens v. Criswell*, 5:08-cv-25, 2010 WL 10862445, at *2 (N.D. W. Va. June 24, 2010). Based upon the foregoing, therefore, the undersigned respectfully **RECOMMENDS** that this matter be dismissed with prejudice.

## IV.     RECOMMENDATION

Accordingly, for the reasons set forth above, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** this civil action—with prejudice—for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, U.S. District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiffs shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed

Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of de novo review by the district court and a waiver of appellate review by the circuit court of appeals. *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841, 846 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on the opposing party and Judge Goodwin..

    The Clerk is **DIRECTED** to transmit this order to all counsel of record via the Court's CM/ECF system, and to mail a copy to any unrepresented party at his/her address of record.

    ENTER:    April 12, 2024

Dwane L. Tinsley
United States Magistrate Judge